AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2025

SEAN F. McAVOY, CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  4:25-mj-07140-ACE |
| Jose Manuel CISNEROS-IBARRA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   March 1, 2025 through July 1, 2025   in the county of            Walla Walla            in the

        Eastern        District of        Washington        , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) | Distribution of 50 Grams or More of Actual (Pure) Methamohetamine |
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) | Distribution of 400 Grams or More of Fentanyl |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Evan Howard, SA, FBI
*Printed name and title*

☑ Sworn to telephonically and signed electronically

☐ Sworn to before me and signed in my presence.

Date:   August 7, 2025

*Judge's signature*

City and state:        Yakima, Washington        ALEXANDER C. EKSTROM, U.S. Magistrate Judge
*Printed name and title*

AUSA: BLP          COUNTY:  Walla Walla

AUSA: RRP/BLP

County of Investigation: Walla Walla

*In re Affidavit in Support of Criminal Complaint as to JOSE MANUEL CISNEROS-IBARRA ("CISNEROS-IBARRA")*

State of Washington          )

                                          :ss

County of Walla Walla     )

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Evan Howard, a Special Agent with the Federal Bureau of Investigation, having been duly sworn, hereby state as follows:

## INTRODUCTION

1.      I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Jose Manuel CISNEROS-IBARRA ("CISNEROS-IBARRA") as a conspiring member of a Drug Trafficking Organization (DTO) that facilitate the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, throughout the Eastern District of Washington and elsewhere.

## SOURCES OF INFORMATION

2.      The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, confidential sources, cooperating defendants, and witnesses.  Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part.  Similarly, where information

contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3.    Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4.    I have been a Special Agent ("SA") of the United States Department of Justice, Federal Bureau of Investigation ("FBI") since March 2018. I am currently assigned to the FBI's Portland Field Office, where I investigate criminal violations of the law, with a focus on criminal enterprises involved in the trafficking of narcotics. I received 16 weeks of training at the FBI Academy in Quantico, Virginia. Prior to my employment with the FBI, I was a Police Officer for three years with the Oxnard Police Department, in the city of Oxnard, California. In the course of my training and career both with the FBI and with the Oxnard Police Department, I have learned how criminal enterprises are structured and how they operate. I have had formal and informal training and experience in controlled substances investigations; I have become familiar with the way that controlled substances, including methamphetamine, heroin, cocaine, and fentanyl are produced, trafficked, distributed and consumed. I have received training in the identification of many types of controlled substances by sight and odor. I have participated in multiple arrests for controlled substance violations. In the course of my duties, I have become familiar with the practices and techniques of traffickers in controlled substances as practiced locally and internationally. I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local investigators who have written

affidavits for, or participated in, the application for and execution of hundreds of search and arrest warrants over the course of their careers.

5.     Based on my training, experience and discussions with other investigators, I am familiar with the various methods used by individuals and drug trafficking organizations (DTO) to obtain, possess, transport, distribute and/or sell controlled substances. I know the methods of individuals and DTOs include but are not limited to the use of cellular telephones, wireless communication technology, counter surveillance, elaborately planned smuggling schemes tied to legitimate businesses, stash houses, false or fictitious identities, and the use of "coded" or vague communications in an attempt to thwart law enforcement.

6.     In my work as an agent for the FBI and as a police officer, I have conducted interviews with drug traffickers, drug users, and confidential informants, where I have discussed topics such as preparation, methods of operation, and security measures employed by drug traffickers. I have also participated in numerous criminal investigations involving the execution of federal and state search warrants as they relate to drug trafficking of controlled substances, such as cocaine, methamphetamine, marijuana, heroin, and fentanyl.

7.     As such, I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

8.     I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part.  Facts not set forth

herein are not being relied on in reaching my conclusion that the requested warrant should be issued.  Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

9.     I am investigating violations of U.S.C. § 841(a)(1) regarding the distribution of controlled substances. Specifically, these offenses include:

   a.  21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), Distribution of 50 Grams or More of Actual (Pure) Methamphetamine.

   b.  21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), Distribution of 400 Grams or More of Fentanyl.

## STATEMENT OF PROBABLE CAUSE

10.     Since approximately August 2023, the FBI, in conjunction with the Blue Mountain Enforcement Narcotics Team (BENT), has been investigating Jose Manuel CISNEROS-IBARRA ("CISNEROS-IBARRA"), who has been identified as a source of supply of numerous controlled substances. Throughout this investigation, multiple cooperating defendants have provided information regarding CISNEROS-IBARRA's involvement in drug trafficking in the Eastern District of Washington.

11.     In January 2025, Walla Walla Police Department received information from a Confidential Human Source ("CHS") identifying "Manny" from Touchet as being a supplier of narcotics, cocaine, methamphetamine, and fentanyl, in Walla Walla County. CHS described "Manny" as living in a rural farm area in Touchet, Washington.

12.     In March 2025, CHS conducted a controlled purchase of 2,000 pills of fentanyl for $1,000 from CISNEROS-IBARRA in Touchet, Washington. The controlled purchase was surveilled by law enforcement and the package containing the

approximately 2,000 fentanyl pills was observed being removed by CISNEROS-IBARRA from a silver 2019 GMC Sierra bearing Washington license plate C40617V (hereafter 'SUBJECT VEHICLE') before being provided to CHS. The purchased narcotics had a total package weight of approximately 233 grams and tested presumptively positive for fentanyl.

13.     In March 2025, CHS conducted a second controlled purchase of 2,000 fentanyl pills and one pound of methamphetamine from CISNEROS-IBARRA in Touchet, Washington. During this controlled purchase, CISNEROS-IBARRA arrived in a 2002 green Ford Explorer bearing Washington license plate BKX8447. CISNEROS-IBARRA was the sole occupant of the Ford Explorer. The controlled purchase was surveilled by law enforcement and the package containing the purchased narcotics was observed being taken from the Ford Explorer. The purchased fentanyl pills had a total package weight of approximately 267 grams and tested presumptively positive for fentanyl. The purchased methamphetamine had a total package weight of approximately 448 grams and tested presumptively positive for methamphetamine.

14.     In April 2025, CHS met with CISNEROS-IBARRA at a gas station in Touchet, Washington. CISNEROS-IBARRA gave CHS a plastic bag containing fentanyl pills and powder. CHS had not requested or ordered any narcotics from CISNEROS-IBARRA. No payment was provided by CHS to CISNEROS-IBARRA. CHS provided the narcotics received from CISNEROS-IBARRA to SA Howard to be booked as evidence. The narcotics tested presumptively positive for fentanyl. The fentanyl powder weight 47.98 grams. The fentanyl pills weight 257.57 grams.

15.     Also in April 2025, CHS called CISNEROS-IBARRA to coordinate a third controlled purchase of narcotics. CHS and CISNEROS-IBARRA also discussed the payment for the narcotics that were already provided to the CHS in April. CHS met with CISNEROS-IBARRA in Touchet, WA. CISNEROS-IBARRA transported CHS in SUBJECT VEHICLE to 21 Moore Road, Touchet, WA (TARGET

RESIDENCE 1), where he provided the CHS with a package of suspected fentanyl powder. The purchased fentanyl powder tested presumptively positive for fentanyl and weighed approximately 45.91 grams. CHS provided CISNEROS-IBARRA with $4,000 to pay for the fentanyl powder from this occasion as well as for the fentanyl powder and fentanyl pills previously received earlier in April.

16.     In June 2025, CHS called CISNEROS-IBARRA to coordinate a controlled purchase of narcotics. CHS met CISNEROS-IBARRA at the TARGET RESIDENCE 1. CHS purchased methamphetamine and fentanyl pills for $2,500. The purchased fentanyl pills tested presumptively positive for fentanyl and weighed approximately 232.0 grams. The purchased methamphetamine tested presumptively positive for methamphetamine and weighed approximately 451.93 grams.

17.     CHS had been arrested on charges of felony burglary and agreed to cooperate with law enforcement for consideration during sentencing of their current case. No promises were made by law enforcement to CHS. CHS has previous felony convictions for felony burglary, vehicle theft, possession of a controlled substance and assault. During the time CHS was cooperating with the government, they were under supervision from another state's Department of Corrections. In July 2025, a warrant was issued by that state's Department of Corrections for failure to comply with terms of their supervision, specifically remaining in contact with their supervising officer. After being advised of their outstanding warrant, the CHS turned themselves in to law enforcement.

18.     It should be noted that each of the controlled purchases outlined above occurred in Touchet, WA, which is located within the Eastern District of Washington.

## CONCLUSION

19.     Based on the facts stated above, I respectfully submit that there is probable cause to believe that CISNEROS-IBARRA has committed violations of 21

Affidavit of SA Howard – 4:25-mj-07140-ACE

U.S.C. § 841(a)(1)(b)(1)(A)(viii), Distribution of 50 Grams or More of Actual (Pure) Methamphetamine and 21 U.S.C. § 841 (a)(1),(b)(1)(A)(vi), Distribution of 400 Grams or More of Fentanyl.  Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for the arrest of CISNEROS-IBARRA.

        I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
Evan Howard, Special Agent
Federal Bureau of Investigation
Portland Field Office – Pendleton RA

Sworn to telephonically and signed electronically on this __7th__ day of August, 2025.

_____
Alexander C. Ekstrom
United States Magistrate Judge

Affidavit of SA Howard – 4:25-mj-07140-ACE